IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM RAY THOMAS,　　　　　)
　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　Civil Action No. 3:13CV397–HEH
　　　　　　　　　　　　　　　)
LESLIE FLEMING, *et al.*,　　　)
　　　　　　　　　　　　　　　)
　　　Respondents.　　　　　　)

## MEMORANDUM OPINION
(Dismissing § 2254 Petition)

William Ray Thomas, a Virginia inmate proceeding with counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Warden of Keen Mountain Correctional Center ("Respondent")[1] has moved to dismiss on the grounds that, *inter alia*, the relevant statute of limitation bars the § 2254 Petition. For the reasons that follow, the Motion to Dismiss (ECF No. 11) will be granted.

## I. PROCEDURAL HISTORY

As pertinent here, following a jury trial in the Circuit Court of the County of Stafford ("Circuit Court"), Thomas was convicted of robbery and grand larceny from the person.[2] *See Ali v. Commonwealth*, 701 S.E.2d 64, 65 (Va. 2010). Thomas appealed. *Id.* On November 4, 2010, the Supreme Court of Virginia reversed and dismissed

---

[1] Although Thomas listed multiple individuals as Respondents, only the Warden of Keen Mountain Correctional Center responded. Thus, the Court refers to the Warden of Keen Mountain Correctional Center as Respondent.

[2] Thomas also was convicted of reckless driving and driving on a revoked license, third or subsequent offense. (*See* Am. § 2254 Pet. 2, ECF No. 10.) Thomas does not challenge these driving convictions in the current § 2254 proceedings.

Thomas's conviction for larceny from the person, but affirmed his conviction for robbery. *Id.* at 68.

On November 1, 2011, Thomas filed a petition for a writ of habeas corpus with the Circuit Court. Pet. for Writ of Habeas Corpus at 1, *Thomas v. Warden of the Sussex I State Prison*, CL 11001284-00 (Va. Cir. Ct. Nov. 1, 2011). On January 8, 2012, the Circuit Court denied the petition. *Thomas v. Warden of the Sussex I State Prison*, CL 11001284-00, at 12 (Va. Cir. Ct. Jan. 8, 2012). Thomas appealed.

On June 19, 2012, the Supreme Court of Virginia dismissed Thomas's appeal because the petition for appeal failed to comply with the requirements of Virginia Supreme Court Rule 5:17(c)(1)(iii), reasoning that it did not list the specific errors in the lower court proceeding upon which Thomas intended to rely. *Thomas v. Warden, Sussex I State Prison*, No. 120538, at 1 (Va. S. Ct. June 19, 2012). On September 21, 2012, the Supreme Court of Virginia denied Thomas's petition for rehearing. *Thomas v. Warden, Sussex I State Prison*, No. 120538, at 1 (Va. S. Ct. Sept. 21, 2012).

On June 20, 2013, Thomas, by counsel, filed his initial § 2254 Petition (ECF No. 1) with this Court. Thomas demands relief upon the following grounds:

| | |
|---|---|
| Claim I | The prosecutor "committed misconduct . . . by improperly arguing two takings without any evidence to support separate takings." (Am. § 2254 Pet. 5, ECF No. 10.)[3] |
| Claim II | The "Circuit Court improperly instructed the jury that the Defendant could be convicted of robbery and grand larceny from the person though there was no evidence of two separate takings." (*Id.* at 7.) |

---

[3] The Court employs the pagination assigned to Thomas's submissions by the Court's CM/ECF docketing system. The Court has corrected the emphasis and capitalization in the quotations to Thomas's submissions.

Claim III   Thomas failed to receive the effective assistance of counsel because trial counsel failed to present and argue the fact that there was no evidence presented as to two takings. (*Id.* at 8–9)

Claim IV   Thomas failed to receive the effective assistance of counsel because when the Supreme Court of Virginia dismissed the grand larceny charge, counsel failed to assist the defendant in obtaining a new trial or sentencing as to the robbery. (*Id.* at 11.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   **(A)**   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   **(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   **(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Thomas's judgment became final for the purposes of the 28 U.S.C. § 2244(d)(1)(A), on February 2, 2011, when the time for filing a petition for a writ of certiorari with the Supreme Court of the United States expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired."); 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1) (requiring petition for certiorari be filed within 90 days of entry of judgment by state court of last resort or order denying discretionary review). Thomas filed his petition for a writ of habeas corpus with the Circuit Court on November 1, 2011. At the time of filing two hundred and seventy-one (271) days of the limitation period had expired.

### B. Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed application for (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the

document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted).

The statute of limitations was tolled from the filing of Thomas's state petition for a writ of habeas on November 1, 2011, until the Circuit Court dismissed the petition on January 8, 2012. Because his petition for appeal was not properly filed, Thomas lacks entitlement to statutory tolling for the period during which he pursued his collateral appeal. *See, e.g., Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012) (refusing to toll limitation period for time when inmate's defective petition for appeal was pending before Supreme Court of Virginia). Accordingly, the limitation period began running again on January 9, 2012. Before Thomas filed his § 2254 Petition with this Court on June 20, 2013, five hundred and twenty-eight (528) more days elapsed. Thus, the statute of limitations bars Thomas's § 2254 Petition, unless he demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Thomas fails to demonstrate entitlement to belated commencement of the limitation period or equitable tolling.

### III. CONCLUSION

For the aforementioned reasons, Respondent's Motion to Dismiss (ECF No. 11) will be granted. Thomas's § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial

5

of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Thomas fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 10, 2014
Richmond, Virginia